IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

PAULETTE WILLIAMS,               )        Case No. V476353
121 Harry S Truman Dr. #34       )
Upper Marlboro, MD 20774         )
         Plaintiff,              )
                                 )
     v.                          )
                                 )
J.C. PENNEY COMPANY, INC.        )        JURY TRIAL DEMANDED
11160 Veirs Mill Rd,             )
Wheaton, Maryland 20902          )        **RECEIVED**
         Defendant.              )
                                          DEC 0 9 2019

---

### COMPLAINT

Clerk of the Circuit Court
Montgomery County, Md.

COMES NOW, Plaintiff, Paulette Williams, by and through counsel, and sues Defendant

J.C. Penney Company, Inc. ("Defendant"), and alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against the Defendant for Vicarious Liability.

2. This action seeks damages for Defendant's negligence, negligent hiring and training, and intentional infliction of emotional distress.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over this case as Defendant's principal place of business is within the State pursuant to Maryland Code § 6-102(a).

4. Further, this Court has jurisdiction over this matter as the cause of action arises from acts performed by Defendant and its agent within the State pursuant to Maryland Code § 6-103(b)(3).

5. Venue is proper in this district, pursuant to Maryland Code § 6-201 because Defendant carries on regular business in Montgomery County, Maryland.



## PARTIES

6. The J.C. Penney Company, Inc. is the employer in this matter.

7. Plaintiff, is a resident of the State of Maryland and currently resides at 121 Harry S. Truman Drive #34, Upper Marlboro, MD 20774

8. At all times relevant to this action, Plaintiff was an employee at Defendant's Wheaton, Maryland store location.

9. Defendant, J.C. Penney Company, Inc., is a public corporation with its headquarters located at 6501 Legacy Drive, Plano, Texas 75024, who conducts business operations within the State of Maryland.

## STATEMENT OF FACTS

1. Defendant, J.C. Penney Company, Inc., is a public corporation who conducts business throughout the State of Maryland.

2. Plaintiff was employed by Defendant as a Human Resources Supervisor at the J.C. Penney Company, Inc. store located at 11160 Veirs Mill Rd, Wheaton, Maryland 20902.

3. As the Human Resources Supervisor, Plaintiff was responsible for providing training to new employees, and current employees being transferred to a new department.

4. Ms. Anelone was employed by the Defendant for 10 months before the incident with Plaintiff.

5. Ms. Anelone was hired to work in recovery.[1]

6. Ms. Anelone was promised by Jim Buckley, another employee of Defendant that she would be transferred to the jewelry department.

---

[1] Employees hired to "recover" are responsible for organizing the store upon closing in preparation for the next business day.

7. Because Ms. Anelone was new to the jewelry department, she was required to received training from Plaintiff.

8. Ms. Anelone refused to be trained by Plaintiff, and subsequently began to exhibit aggressive behavior towards Plaintiff.

9. Ms. Anelone told Plaintiff that she didn't have to do anything that Plaintiff requested of her.

10. Ms. Anelone initiated in a verbal altercation with Plaintiff in the jewelry department during business hours asserting that Plaintiff didn't want her to work in the jewelry department.

11. Plaintiff reported the incident to Jim Buckley.

12. Jim Buckley told Ms. Anelone she shouldn't speak with a supervisor in the manner in which she did.

13. No further action was taken.

14. On March 6, 2018, Ms. Anelone entered Plaintiff's office and threatened her.

15. Ms. Anelone claimed that Plaintiff was trying to get her fired.

16. Ms. Anelone continued to enter Plaintiff's office and threaten her.

17. Ms. Anelone became so aggressive towards Plaintiff that another supervisor intervened to prevent Ms. Anelone from attacking Plaintiff.

18. Plaintiff reported this incident to Defendant's senior management, and no action was taken against Ms. Anelone.

19. On March 25, 2018, Plaintiff was the supervisor on duty.

20. Plaintiff told Ms. Anelone that she would be working in recovery instead of in the jewelry department.

21. Ms. Anelone became upset and clocked out of work early.

22. Later in the day, Plaintiff inquired about Ms. Anelone's whereabouts.

23. Plaintiff was told that Ms. Anelone was on the Fourth Floor.

24. Plaintiff went to her office which is located on the Fourth Floor and saw Ms. Anelone speaking with another employee.

25. Plaintiff started engaged in conversation with Melvis Molindo, a fellow supervisor.

26. Ms. Anelone approached Plaintiff and demanded to speak with Jim Buckley.

27. Ms. Anelone stated that she had permission from Jim Buckley to contact him if she was assigned to any department other than jewelry.

28. Plaintiff told Ms. Anelone that she was not going to contact Jim Buckley, and directed Ms. Anelone to perform her duties as assigned.

29. Ms. Anelone left Plaintiff's office.

30. 10 minutes later, Ms. Anelone returned to Plaintiff's office yelling and irate.

31. Ms. Anelone repeatedly hit herself in the chest and exclaimed "I'll fire myself."

32. Ms. Anelone proceeded to knock Plaintiff's telephone off of the desk, and slammed her fist on the desk.

33. Ms. Anelone then punched Plaintiff in the mouth.

34. Melvis Molindo heard the commotion and entered Plaintiff's office.

35. Melvis Molindo had Ms. Anelone escorted from the building.

36. While being escorted out, Ms. Anelone continued shouting towards Plaintiff using profanity.

37. After being escorted from the building, Ms. Anelone attempted to re-enter the building to again attack Plaintiff.

38. Another employee blocked Ms. Anelone's entry into the building.

39. Plaintiff reported the incident to Defendant's senior management, and no action was taken against Ms. Anelone.

40. After the assault, Ms. Anelone continued to harass Plaintiff in the workplace.

41. On several occasions, Ms. Anelone called Plaintiff's extension and left messages on her voicemail.

42. Plaintiff reported these incidents to Defendant's senior management, and no action was taken against Ms. Anelone.

43. On March 28, 2018, Plaintiff filed a police report for the assault committed by Ms. Anelone.

44. Plaintiff received a temporary restraining order against Ms. Anelone from the State Attorney's Office.

45. Plaintiff returned to court on two different occasions for the restraining order to remain in effect.

46. Defendant's senior management was aware of each court proceeding and took no action.

47. Following the incidents, Defendant took no action to ensure Plaintiff's safety.

48. Plaintiff does not feel safe at work.

49. Plaintiff has suffered significant trauma from the incidents with Ms. Anelone and Defendant's failure to act.

50. Plaintiff now seeks treatment from a therapist to cope with the traumatic events.

51. Defendant had a responsibility to protect Plaintiff from any form of harassment and physical attacks.

52. Defendant failed to fulfill this duty.

### COUNT I: NEGLIGENCE

53. Plaintiff hereby incorporates by reference each of the foregoing allegations as if stated fully herein and further alleges and states as follows:

54. Plaintiff at all times while employed by the Defendant, performed her job

satisfactorily.

55. Defendant had a duty protect Plaintiff from injury.

56. Defendant breached that duty by failing to take action against Ms. Anelone after becoming aware of her aggressive behavior towards Plaintiff.

57. Plaintiff has suffered physical, mental, and emotional harm from being punched in the mouth by Ms. Anelone in the workplace.

58. Plaintiff's suffering and injury are a proximate result of Defendant's failure to take action.

Wherefore, Plaintiff seeks economic compensation and punitive damages jointly and severally plus interest, cost, attorney fees, and such other and further equitable relief this Court deems appropriate.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff hereby incorporates by reference each of the foregoing allegations as if stated fully herein and further alleges and states as follows:

60. Plaintiff, at all times while employed by Defendant, performed her job satisfactorily.

61. Ms. Anelone's intentionally harassed Plaintiff and exhibited reckless behavior towards her.

62. Ms. Anelone's conduct was extreme and outrageous and should not have been tolerated by Defendant in the workplace.

63. As a result of Defendant's failure to act, and Ms. Anelone's physical and mental harm, Plaintiff does not feel safe at work.

64. The assault and harassment were so severe that Plaintiff attends therapy to deal with the anguish.   Wherefore, Plaintiff seeks economic, compensatory and punitive damages jointly and severally, plus interest, cost, attorney fees, and such other and

further equitable relief this Court deems appropriate.

### COUNT III: NEGLIGENT HIRING/TRAINING

65. Plaintiff hereby incorporates by reference each of the foregoing allegations as if stated fully herein further alleges and states as follows:

66. Plaintiff, at all times while employed by Defendants, performed her job satisfactorily.

67. Plaintiff's injuries are a direct result of the attack committed by Ms. Anelone.

68. Plaintiff made several complaints to Defendant's senior management about Ms. Anelone's aggressive behavior.

69. The complaints reported by Plaintiff put the Defendant on notice of Ms. Anelone's propensity for violence.

70. Defendant was aware that Ms. Anelone needed to receive conflict resolution training.

71. Defendant was aware that Ms. Anelone required additional training on Defendant's harassment and other workplace policies.

72. Defendant's failure to provide Ms. Anelone with the necessary training after becoming aware of her aggressiveness towards Plaintiff was the proximate cause of Plaintiff's injuries.

Wherefore, Plaintiff seeks economic, compensatory and punitive damages jointly and severally, plus interest, cost, attorney fees and such other and further equitable relief this Court deems appropriate.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter judgement in favor of Plaintiff for all matters raised in this Complaint, and grants an

acts.

(b) General damages for mental and emotional suffering caused by Defendant's

breach of duty.

(c) Trial by jury to all issues.

(d) Any and all other relief the Court deems appropriate.

JURY TRIAL DEMANDED.

Dated: December 6, 2019

Tucker Moore Group, LLP
8181 Professional Place, Suite 207
Hyattsville, MD 20785
Charles@tuckerlawgroupllp.com